NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VARIAN CHARLES, a/k/a "Bob," *et al.*,<br><br>Defendants. | Criminal Action No. 13-558 (MAS)<br><br>**MEMORANDUM OPINION** |

This matter comes before the Court on Defendant Wilbur Senat's ("Defendant" or "Senat") motion for post-trial relief pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure (ECF No. 210), and the Court, having considered the parties' submissions, decides the matter without oral argument.

I. **Background**

On May 1, 2014, Defendant was charged with conspiracy to engage in sex trafficking of children, conspiracy to transport minors to engage in prostitution, and transportation of a minor to engage in prostitution. (ECF No. 85.) In addition, co-defendant Varian Charles ("Mr. Charles"), was charged with conspiracy to engage in sex trafficking of children and conspiracy to transport minors to engage in prostitution. (*Id.*) On July 20, 2015, the trial of Defendant and co-defendant Mr. Charles commenced. (ECF No. 179.) At the conclusion of the Government's case, Defendant moved for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. (Tr. 83:7-88:20, July 27, 2015, ECF No. 206.) The Court reserved decision on Defendant's motion. (*Id.* at 88:21-89:1-3.) On July 29, 2015, the jury convicted Defendant of sex trafficking of children and transportation of a minor to engage in prostitution. (ECF No. 195.) The jury, however,

acquitted both Defendant and Mr. Charles of all conspiracy charges. (*Id.*) On August 26, 2015, Defendant filed this second acquittal motion pursuant to Rule 29 and also moved for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. (ECF No. 210.)

## II. Request for Rule 29 Relief

In support of his motion, Defendant argues that he is entitled to a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure because no rational jury could have concluded that: (a) "[he] 'knew or recklessly' disregarded [that] Ms. Cabrera was under 18 years old" (Def.'s Moving Br. 6-8, ECF No. 210-1), or (b) "[he] knew [that] Ms. Cabrera would be caused to engage in prostitution" (*id.* at 8-10). As discussed below, Defendant's arguments ignore the evidence that was presented to the jury at trial.

### A. Legal Standard

Rule 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29. The defendant seeking relief under Rule 29 bears "a very heavy burden." *United States v. Anderson*, 108 F.3d 478, 481 (3d Cir. 1997). The court must view the totality of the evidence, resolving competing inferences and credibility issues in the prosecution's favor. *United States v. Hart*, 273 F.3d 363, 371 (3d Cir. 2001). If "any rational trier of fact could have found proof of guilt beyond a reasonable doubt," Rule 29 relief must be denied. *United States v. Silveus*, 542 F.3d 993, 1002 (3d Cir. 2008).

### B. Analysis

Under 18 U.S.C. § 1591, to convict a defendant for engaging in the sex trafficking of a child, a jury must find that: (1) [t]he defendant knowingly recruited, enticed, harbored, transported, provided, obtained or maintained by any means, a person; (2) defendant did so

knowing, or in reckless disregard of the fact that the person was not eighteen-years old and would be caused to engage in a commercial sex act; and (3) the recruiting, enticing, harboring, transporting, providing, obtaining, or maintaining was in or affecting commerce. *See* Fed. Crim. Jury Instr. 7th Cir. 1591(1) (2012 ed.). Here, Defendant disputes the jury's findings only with respect to the second requirement for a conviction under § 1591.

### 1. Knowing or Recklessly Disregarding that Victim Was Not Eighteen

Defendant argues that no rational jury could have concluded that he knew the victim's age. (Def.'s Moving Br. 6.) Defendant correctly recognizes that pursuant to § 1591(c), the Government need not prove that a defendant knew or recklessly disregarded that the victim was under eighteen years old if the Defendant had a reasonable opportunity to observe the victim. Defendant, however, contends that the jury instruction on this provision was unclear because the statute does not define what a "reasonable opportunity to observe" means. (*Id.* at 7.) Specifically, Defendant contends that "the jury charge provided no guidance as to whether the focus is properly the reasonableness of the opportunity or the reasonableness of the conclusions drawn from the observations of the alleged victim." (*Id.*) The Court disagrees with Defendant.

As an initial matter, Defendant does not cite any authority for the proposition that "reasonable opportunity to observe" is vague. In addition, the Court's instruction regarding the "reasonable opportunity to observe" followed the exact wording of 18 U.S.C. § 1591(c). (Tr. 24:23-25:1, July 28, 2015, ECF No. 207) ("If you find that the [D]efendant had a reasonable opportunity to observe Samantha Cabrera, you may consider that as evidence that the defendant recklessly disregarded her age."). Here, the Government presented evidence showing that the Defendant met with the victim in August of 2011 and thereafter spoke with her on the phone almost daily. (Tr. 111:6-123, July 21, 2015, ECF No. 202.) In addition, the victim testified that they met

in person, saw each other several days in a row, and that she told the Defendant that she was 15 years old before he brought her to the motel room in Nyack, New York. (Tr. 123:3-131:9, July 21, 2015.) The victim also testified that she and the Defendant had sexual intercourse. (*Id.* at 127:6-128:2; 135:13-14.) Accordingly, there was sufficient evidence for the jury to find that the Defendant had a reasonable opportunity to observe the victim, and thus recklessly disregarded her age.

### 2. Knowing or Recklessly Disregarding that Victim Would Be Caused to Engage in Prostitution

Defendant additionally argues that no rational jury could have found that he knew that the victim would be caused to engage in prostitution. Specifically, Defendant contends that unlike co-defendants Samuel Verrier[1] and Varian Charles, who had connections to prostitution, "[t]here was no evidence presented that [he] was, in fact, engaged in prostitution in any manner." (Def.'s Moving Br. 8.) Defendant, however, ignores the evidence showing that he caused the victim to engage in prostitution. Under a Rule 29 analysis, the court "must view the evidence in the light most favorable to the verdict, and must presume that the jury has properly carried out its functions of evaluating the credibility of the witnesses, finding the facts and drawing justifiable inferences." *United States v. Coleman*, 811 F.2d 804, 807 (3d Cir. 1987). Here, the victim testified that the Defendant told her she would be engaging in prostitution, and that she did, in fact, do so at the Defendant's behest. (Tr. 151:3-156:1; 168:3-21, July 21, 2005.) In addition, Roberto St. Fleur testified that the Defendant arranged for him to have sex with the victim in Nyack, New York. (*Id.* at 53:17-58:25.) Fleur also testified that he and four or five other men had sex with the victim in Nyack on the same night, and that the Defendant asked him to pay after he had sex with the victim.

---

[1] Co-defendant Samuel Verrier was also charged in this case. On August 4, 2014, Mr. Verrier entered a guilty plea to one count of procuring the interstate travel of a person to engage in illicit sexual conduct for the purpose of private financial gain, in violation of 18 U.S.C. § 2423(d).

(*Id.* at 55:21-58:14.) Furthermore, Angelucy Chery testified that, at the Defendant's request, he booked the very same motel room at the Nyack Motor Lodge in which Defendant arranged for the victim to engage in prostitution. (*Id.* at 42:11-43:12.) In addition to this testimony, the Government also presented a hotel receipt and bus tickets that corroborated the victim's testimony. (*Id.* at 45:3-22, 142:11-143:6, 143:13-144:5.) Thus, the Court finds that there was sufficient evidence for the jury to find that the Defendant knew that the victim would be caused to engage in prostitution.[2]

Accordingly, Defendant's request for Rule 29 relief is denied.

### III. Request for Rule 33 Relief

In the alternative, Defendant argues that he is entitled to a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure because: (a) the Government knowingly presented Ms. Cabrera's false testimony (Def.'s Moving Br. 10-13); and (b) evidence of the victim's false claims of sexual impropriety and use of force were improperly excluded pursuant to Rule 412 of the Federal Rules of Evidence (*id.* at 13). As discussed below, Defendant's arguments ignore much of the evidence that was presented to the jury at trial and misstate the law.

#### A. Legal Standard

Rule 33 of the Federal Rules of Criminal Procedure provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. A district court "can order a new trial only if it believes that there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted." *Silveus*, 542 F.3d at 1004-05 (internal quotation marks omitted). "A court must

---

[2] Having found that there was sufficient evidence for the jury to find that the Defendant knew that the victim would be caused to engage in prostitution, the Court also denies Defendant's motion for acquittal with respect to his conviction under 18 U.S.C. § 2423(a), which prohibits the transportation of minors with intent to engage in sexual activity.

5

grant a motion for a new trial when a reasonable possibility exists that a trial error had a substantial influence on the verdict." *United States v. Hamilton*, No. 05-876, 2010 WL 1027412, at *1 (D.N.J. Mar. 18, 2010) (internal quotation marks omitted). A Court will find error when the conduct in question was "sufficiently prejudicial to violate [a] defendant's due process rights." *United States v. Scarfo*, 685 F.2d 842, 849 (3d Cir. 1982).

B.  **Analysis**

First, the introduction of false testimony, in and of itself, is not sufficient to warrant relief under Rule 33. As the Second Circuit explained in *United States v. Stewart*, a case on which Defendant relies, a new trial will not be granted when false testimony introduced at trial is immaterial to the jury's decision to convict the defendant. 433 F.3d 273, 297 (2d Cir. 2006) ("[W]hen a trial has been tainted by false testimony, this Court is 'called upon to strike a fair balance between the need for both integrity and finality in criminal prosecutions' by determining whether false testimony was prejudicial in the sense that it affected the outcome of the trial.") (quoting *United States v. Stofsky*, 527 F.2d 237, 239 (2d Cir. 1975)). Here, as discussed above, Ms. Cabrera's testimony was corroborated on several, critical points. In particular, Ms. Cabrera's testimony that the Defendant arranged for multiple men to have sex with her in exchange for money in the Nyack Motel Lodge was corroborated by the testimony of Roberto St. Fleur, Angelucy Chery, hotel receipts, and bus tickets. (Tr. 42:11-43:12, 53:17-58:15, July 21, 2015.) In addition, Ms. Cabrera's testimony that she was under age at that time is corroborated by her birth certificate. Finally, her testimony that Defendant transported her interstate is corroborated by testimony from witnesses who saw her in New York and in Pennsylvania and by bus tickets, a bus schedule, and cell phone records that were entered into evidence. In light of this corroborated testimony that establishes the requisite elements of violations of 18 U.S.C. § 1591(a) and 18

6

U.S.C. § 2423(a), the testimony that Defendant alleges is false – namely Ms. Cabrera's overstatement of the number of men that she had sex with in Philadelphia, the duration of her stay in Philadelphia, her statements that there were dead bodies in the basement of the Philadelphia "home", and that her father sexually abused her – is immaterial to the jury's decision to convict the Defendant.

Second, Defendant's argument that the Court incorrectly denied his application to question the victim about her prior sexual conduct is based on a mischaracterization of the record. Federal Rule of Evidence 412, which is commonly known as the federal "Rape Shield Law," provides that: "(1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition" is not admissible in a proceeding involving alleged sexual misconduct. Fed. R. Evid. 412. Pursuant to this rule, the Court precluded Defendant from asking about the victim's sexual history only when the victim had not admitted that the accusations were false. (Tr. 88:25-89:14, July 21, 2015.) Although the Third Circuit has not ruled on this issue, rulings in the Sixth, Eighth, and Tenth Circuits support this decision. In fact, the Court's ruling was more permissive than the decisions in each of those Circuits. In contrast to the Court's ruling, the Sixth, Eighth, and Tenth Circuits all held that a defendant cannot question a victim on her previous allegations of sexual assault at all.[3] Here, Defendant had the opportunity to explore fully on cross-examination any false statements that the victim made, whether it concerned her past sexual conduct or not. Defendant was only precluded from questioning the

---

[3] *See United States v. Withorn*, 204 F.3d 790, 795 (8th Cir. 2000) ("[I]mpeaching the victim's truthfulness and showing her capability to fabricate a story are not recognized exceptions to Rule 412.") (internal citations omitted); *United States v. Weir*, No. 93-8130, 1994 WL 245230, at *1 (affirming exclusion of evidence of victim's prior rape allegation) (10th Cir. 1994); *United States v. Cardinal*, 782 F.2d 34, 36 (6th Cir. 1986) (rejecting contention that prior allegations of sexual assault are admissible to impeach credibility).

victim about references to past sexual conduct that the victim contended were true. Thus, Defendant had a full opportunity to, and did, attack Ms. Cabrera's credibility.

Accordingly, there is no serious danger that a miscarriage of justice occurred in this case, and Defendant is not entitled to a new trial.

## IV.  Conclusion

For the reasons set forth above, Defendant's Motion for Judgment of Acquittal, or in the alternative for a New Trial, is denied.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: January 28, 2016

8